# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00847-NYW

LAURA IHDE,

    Plaintiff,

v.

GENERATIONAL EQUITY LLC;
UNITED OF OMAHA LIFE INSURANCE COMPANY; and
GENERATIONAL EQUITY, LLC EMPLOYEE BENEFITS HEALTH & WELFARE PLAN,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendants Generational Equity, LLC ("Generational Equity") and Generational Equity, LLC Employee Benefits Health & Welfare Plan's ("the Plan") Partial Motion to Dismiss (the "Motion"). [#7, filed May 18, 2017]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 1, 2017 [#18], and the Memorandum dated June 7, 2017 [#25]. This court concludes that oral argument will not materially assist in the resolution of the matter. Upon careful review of the Motion, the relevant case law, and the entire docket, this court respectfully **RECOMMENDS** that the Motion be **DENIED AS MOOT**.

## BACKGROUND

    Plaintiff Laura Ihde ("Plaintiff" or "Ms. Ihde") initiated this action on April 5, 2017. [#1]. Plaintiff suffers from severe and disabling injuries and illnesses that render her disabled, *see* [*id.* at ¶¶ 26-32 (detailing Plaintiff's ailments)]—the Social Security Administration found

Ms. Ihde completely disabled for Social Security Disability Insurance and Supplemental Security Income purposes. [*Id.* at ¶¶ 14-15]. Plaintiff is a beneficiary or and participant in the Plan, an employee welfare benefit plan as that term is defined under Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.* [*Id.* at ¶¶ 2, 6-8]. The Complaint names the Plan; Generational Equity, the Plan's Sponsor and Administrator; and United of Omaha Life Insurance Company ("United"), a fiduciary and insurer of the Plan, as Defendants in this action for unlawfully withholding benefits. [#1].

Plaintiff alleges that she filed claims with the Plan for Short Term and Long Term Disability benefits, and that the Plan approved and paid ($5,000 per month) those claims through November 20, 2014. [*Id.* at ¶¶ 16-18]. However, according to Plaintiff, Defendant United, acting on behalf of the Plan, terminated payments on November 20, 2014, and issued a denial of benefits letter on November 21. [*Id.* at ¶¶21-22]. Plaintiff administratively appealed this denial that same day. [*Id.* at ¶ 23]. Defendant United, acting on behalf of the Plan, upheld its denial of benefits, despite medical evidence proffered by Plaintiff, on April 28, 2015. [*Id.* at ¶ 36].

Plaintiff maintains that she continues to satisfy the definition of disability under the Plan, has done so since June 22, 2013, and is permanently disabled. [*Id.* at ¶¶ 37-38]. Plaintiff has exhausted her administrative remedies and, thus, filed this suit. [*Id.* at ¶ 39].

Plaintiff's Complaint brings three claims against the named Defendants. [#1]. First, that all Defendants unlawfully withheld Long Term Disability benefits under the Plan in violation of 29 U.S.C. § 1132(a)(1)(B) ("Claim I"). [*Id.* at 6-7]. Second, that, pursuant to 29 U.S.C. §§ 1109, 1132(a)(2), Defendants Generational Equity and United, as fiduciaries of the Plan, breached their fiduciary duties owed to Plaintiff as a participant in the Plan ("Claim II"). [*Id.* at

7-11]. Lastly, that Defendant Generational Equity failed to provide requested documents pursuant to 29 U.S.C. §§ 1132(a)(1)(A), 1132(c)(1) ("Claim III"). [*Id.* at 11-17].

On May 18, 2017, Defendants Generational Equity and the Plan filed the instant Motion, seeking dismissal of Claims I and II under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [#7]. These Defendants filed an Answer as to Claim III that same day. [#8].

On June 7, 2017, Plaintiff filed a Motion for Extension of Time to Respond to the Motion, indicating that she and Defendants Generational Equity and the Plan were engaged in meaningful settlement negotiations that may dispose of her claims against these entities. [#26]. This court granted Plaintiff additional time to respond up to and including June 22, 2017. [#28]. Then, on June 22, 2017, Plaintiff filed a Notice of Settlement, informing the court that she had settled all of her claims against Defendants Generational Equity and the Plan, and that she would not file a response to their Partial Motion to Dismiss. [#34]. Defendant United remains a party to this action, and a Scheduling Conference regarding Plaintiff's remaining claims against Defendant United (Claims I and II) is set for June 23, 2017. *See* [#15].

## ANALYSIS

Defendants Generational Equity and the Plan moved to dismiss Claims I and II, arguing that they had no discretion "regarding whether to pay or deny benefits under the Plan[.]" [#7 at 3]. According to these Defendants, Defendant United "retained all discretion" as to whether to pay or deny Plaintiff's claims under the Plan; thus, Plaintiff could not maintain Claims I and II against Defendants Generational Equity and the Plan. [*Id.* at 4]. But as discussed, Plaintiff and Defendants Generational Equity and the Plan filed a Notice of Settlement on June 22, 2017. [#34]. The Notice of Settlement indicates that these Parties have reached a settlement as to

3

Plaintiff's claims against them,[1] and therefore, there is no longer a live case or controversy between Plaintiff and Defendant Generational Equity. Accordingly, this court respectfully **RECOMMENDS** that the instant Motion be **DENIED AS MOOT**.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1) Defendants Generational Equity, LLC and Generational Equity, LLC Employee Benefits Health & Welfare Plan's Partial Motion to Dismiss [#7] be **DENIED AS MOOT**.[2]

DATED: June 23, 2017

BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge

---

[1] The Notice of Settlement in no way affects Plaintiff's Claims I and II as to Defendant United.

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).