# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00847-RM-NYW

LAURA IHDE,

    Plaintiff,

v.

UNITED OF OMAHA LIFE INSURANCE COMPANY,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant United of Omaha Life Insurance Company's ("United") Motion to Dismiss Plaintiff's Second Claim for Relief (Amended Complaint) ("Motion to Dismiss" or "Motion") [#70, filed August 25, 2017]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated June 1, 2017 [#18], and the memorandum dated August 25, 2017 [#71]. Upon careful review of the Motion, the relevant case law, the entire docket, and the comments offered at the November 2, 2017 Motion Hearing, this court respectfully RECOMMENDS that United's Motion to Dismiss be GRANTED.

## BACKGROUND

    Plaintiff initiated this action on April 5, 2017. [#1]. Plaintiff suffers from severe and disabling injuries and illnesses that render her disabled, *see* [*id.* at ¶¶ 26–32 (detailing Plaintiff's ailments)]—the Social Security Administration found Ms. Ihde completely disabled for Social Security Disability Insurance and Supplemental Security Income purposes. [*Id.* at ¶¶ 14–15].

Plaintiff is a beneficiary of and participant in the Generational Equity, LLC Employee Benefits Health & Welfare Plan (the "Plan"), an employee welfare benefit plan as that term is defined under Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.* [*Id.* at ¶¶ 2, 6–8]. The Complaint named Generational Equity, LLC ("Generational Equity"); the Plan; and United, a fiduciary and insurer of the Plan, as Defendants in this action for unlawfully withholding benefits and violating ERISA. [#1].

Plaintiff alleges that she filed claims with the Plan for Short Term and Long Term Disability ("LTD") benefits, and that the Plan approved and paid ($5,000 per month) those claims through November 20, 2014. [*Id.* at ¶¶ 16–18]. However, according to Plaintiff, United, acting on behalf of the Plan, terminated payments on November 20, 2014, and issued a denial of benefits letter on November 21. [*Id.* at ¶¶21–22]. Plaintiff administratively appealed this denial that same day. [*Id.* at ¶ 23]. United, acting on behalf of the Plan, upheld its denial of benefits, despite medical evidence proffered by Plaintiff, on April 28, 2015. [*Id.* at ¶ 36].

Plaintiff maintains that she continues to satisfy the definition of disability under the Plan, has done so since June 22, 2013, and is permanently disabled. [*Id.* at ¶¶ 37–38]. Plaintiff has exhausted her administrative remedies and, thus, filed this suit. [*Id.* at ¶ 39].

Plaintiff's Complaint asserted three claims against the named Defendants. [#1]. First, that all Defendants unlawfully withheld LTD benefits under the Plan in violation of 29 U.S.C. § 1132(a)(1)(B) ("Claim I"). [*Id.* at 6–7]. Second, that Defendants Generational Equity and United, as fiduciaries of the Plan, breached their fiduciary duties owed to Plaintiff as a participant in the Plan under 29 U.S.C. §§ 1109(a) and 1132(a)(2) ("Claim II"). [*Id.* at 7–11]. Lastly, that Defendant Generational Equity failed to provide requested documents pursuant to 29 U.S.C. §§ 1132(a)(1)(A) and 1132(c)(1) ("Claim III"). [*Id.* at 11–17]. On May 18, 2017,

Defendants Generational Equity and the Plan filed their Partial Motion to Dismiss seeking dismissal of Claims I and II under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and an Answer to Claim III. [#7; #8]. In addition, United filed a Motion to Strike and a Motion to Dismiss Plaintiff's Complaint on June 2 and June 7, 2017, respectively. *See* [#21; #24].

On June 7, 2017, Plaintiff filed a Motion for Extension of Time to Respond to the Partial Motion to Dismiss, indicating that she and Defendants Generational Equity and the Plan were engaged in meaningful settlement negotiations. [#26]. Then, on June 22, 2017, Plaintiff filed a Notice of Settlement informing the court that she had settled all of her claims against Generational Equity and the Plan, and that she would not file a response to their Partial Motion to Dismiss. [#34]. On August 3, 2017, Plaintiff filed a stipulation of dismissal dismissing Generational Equity and the Plan as Defendants. *See* [#56; #58].

A Scheduling Conference regarding Plaintiff's remaining claims against United (Claims I and II) was held on June 23, 2017. *See* [#37]. At this Scheduling Conference, the undersigned set July 15, 2017 (later extended to July 25, 2017 [#47]) as the deadline for the Parties to submit the Administrative Record; August 15, 2017 as the deadline for the filing of any motion(s) requesting discovery; and also set a briefing schedule on the Administrative Record. *See* [#37; #38]. The undersigned also scheduled oral argument on the Motion to Dismiss for September 21, 2017 [#37], later reset for November 2, 2017 [#72].

United and Plaintiff filed a Stipulated Motion to Suspend Defendant's Motion to Dismiss, and to Set Deadline to Amend Complaint that requested this court set July 28, 2017, as the deadline for Plaintiff to file an amended complaint and August 7, 2017, as the deadline for United to file a Reply to its Motion to Dismiss should Plaintiff forego filing an amended complaint. *See* [#42]. Pursuant to the Parties request, this court set July 28, 2017, as Plaintiff's

deadline to file an amended complaint. [#44]. Plaintiff thus filed her Motion to Amend on July 28, 2017. [#53]. At the August 3, 2017 Status Conference, United clarified that it did not oppose the Motion to Amend but maintained its right to file an appropriate responsive motion, and that it believed the Amended Complaint mooted its Motion to Strike and its Motion to Dismiss Plaintiff's Complaint. *See* [#57; #59]. The presiding judge, the Honorable Raymond P. Moore, adopted this court's Recommendation that United's first Motion to Dismiss be denied as moot; this court also denied as moot United's Motion to Strike. *See* [#60; #66].

On August 4, 2017, Plaintiff's First Amended Complaint ("FAC") became the operative complaint in this matter. [#62]. The FAC alleges two claims against United: (1) unlawful withholding of LTD benefits under the Plan in violation of 29 U.S.C. § 1132(a)(1)(B) ("Claim I"); and (2) breach of fiduciary duty pursuant to 29 U.S.C. §§ 1109, 1132(a)(2), and 1132(a)(3) ("Claim II").[1] [*Id.* at 5–12]. As relief, Plaintiff seeks her past due LTD benefits with pre- and post-judgment interest, future LTD benefits up to the maximum benefits allowed, make-whole damages for injuries attributable to United's breaches of its fiduciary duties, costs and fees, as well as injunctive relief (1) enjoining "United [] from violating ERISA and its implementing regulations in the future" and "administering any ERISA governed plans offering [LTD] benefits", (2) removing United "as fiduciary of the Plan", (3) ordering United to provide all Plan participants with a complaint Summary Plan Description ("SPD"), and (4) prohibiting United from dispersing any future noncompliant SPD. [*Id.* at 18–19].

On August 25, 2017, United filed the instant Motion seeking dismissal of Claim II. [#70]. The undersigned held oral argument on the Motion to Dismiss on November 2, 2017, and

---

[1] The FAC still includes a claim for failure to provide requested documents against Generational Equity. *See* [#62 at 12]. However, given Plaintiff's settlement with Generational Equity, Claim III has since been dismissed from this action.

4

took the Motion under advisement. [#84]. Because the Motion is ripe for recommendation, this court considers the Parties' arguments below.

## LEGAL STANDARD

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff, however, may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

Congress enacted ERISA to regulate employee pension and welfare benefits, and "to promote the interests of employees and their beneficiaries in employee benefit plans." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990) (internal quotations and citation omitted). Section 502(a), 29 U.S.C. § 1132(a), is ERISA's civil enforcement scheme that "consists of

5

several carefully integrated provisions." *Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1250 (10th Cir. 2004) (citation omitted). Relevant here, § 1132(a)(2) authorizes suits by "a participant, beneficiary or fiduciary for appropriate relief under section 1109," which imposes liability on "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter," *id.* § 1109(a). In addition, a participant, beneficiary, or fiduciary may bring a civil action "to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *Id.* § 1132(a)(3)(B). Importantly, § 1109(a) authorizes suits for breaches of fiduciary duties resulting in losses to the plan, whereas § 1132(a)(3) authorizes suits "by individuals . . . seeking relief just on their own behalf" for alleged breaches of fiduciary duties. *See Steinman v. Hicks*, 352 F.3d 1101, 1102 (7th Cir. 2003).

Claim II alleges that United breached its fiduciary duties owed under the Plan in violation of §§ 1132(a)(2) and 1109(a), and requests "other appropriate equitable relief" pursuant to § 1132(a)(3)(B). *See* [#62 at 6–12]. United moves to dismiss Claim II because the denial of Ms. Ihde's disability benefits cannot form the basis of a breach of fiduciary dut claim under §§ 1132(a)(2) and 1109(a). *See* [#70 at 6–7]. Additionally, Ms. Ihde cannot proceed under these sections for any alleged shortcomings of the Plan's SPD, or for Plan-wide relief. *See* [*id.* at 7–9]. Lastly, United argues that Plaintiff cannot pursue compensatory damages under the auspices of "other appropriate equitable relief" under § 1132(a)(3)(B), because Claim I already seeks the appropriate relief. *See* [*id.* at 10–11]. This court considers each argument in turn.

## I. §§ 1132(a)(2)/1109(a) Breach of Fiduciary Duties

By its terms, § 1132(a)(2) allows a participant or beneficiary of a plan to bring a civil action "for appropriate relief under section 1109[.]" 29 U.S.C. § 1132(a)(2). Section 1109(a) provides,

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . .

*Id.* § 1109(a). Pursuant to § 1102(a)(1), all ERISA plans must appoint one or more "named fiduciaries who shall have authority to control and manage the operation and administration of the plan." *Womack v. Orchids Paper Prods. Co. 401(K) Sav. Plan*, 769 F. Supp. 2d 1322, 1328 (N.D. Okla. 2011) (ellipses omitted). "In addition to these so-called 'named fiduciaries,' individuals may acquire fiduciary status if they exercise the fiduciary functions set forth in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)." *In re Luna*, 406 F.3d 1192, 1201 (10th Cir. 2005) (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993) ("ERISA . . . defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan . . . .")). *See also* 29 U.S.C. § 1002(21)(A) (defining "fiduciary" to include any person that "(i) [] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "(iii) [] has any discretionary authority or discretionary responsibility in the administration of such plan.").

Here, Plaintiff adequately pleads that United is a fiduciary. *Compare David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126, 1132 (10th Cir. 2005) (explaining, "[p]lan

7

management or administration confers fiduciary status only to the extent the party exercises *discretionary* authority or control." (emphasis in original)) *with* [#62 at ¶¶ 4–5, 19, 21, 58, 74, 84–85 (alleging United's discretionary authority and control over payments of benefits under the Plan)]. Nonetheless, United moves to dismiss Claim II to the extent it alleges violations of §§ 1132(a)(2) and 1109(a) for three reasons.

*First:* The denial of Plaintiff's long-term disability benefits cannot form the basis of a breach of fiduciary duty claim under these sections. This court respectfully agrees.

Plaintiff argues at length that she does not seek any monetary compensation for her withheld benefits under §§ 1132(a)(2) or 1109(a). *See* [#76 at 4–7]. Rather, she seeks equitable relief, including enjoining United from administering *any* ERISA plans and removing United as a fiduciary of the Plan in this case, and any damages Plaintiff incurred because of the breach, including wrongfully withheld benefits, if Claim I is unsuccessful. *See* [#76 at 2–7]. While nothing suggests that a Plaintiff may not maintain a claim under §§ 1132(a)(1)(B) and 1132(a)(2) simultaneously, this court agrees with United that the core of Claim II revolves around the specific denial of *her* LTD benefits. *E.g.*, [#62 at ¶¶ 58, 59, 60, 61, 63]. Accordingly, this court concludes that Ms. Idhe cannot predicate Claim II on United's denial of her LTD benefits irrespective of the nature of relief sought. *See Walden v. Metro. Life Ins. Co. of Am., Inc.*, 75 F. Supp. 3d 1320, 1325 (D. Colo. 2014) (holding that the plaintiff could not maintain a breach of fiduciary duty claim predicated on the defendant's non-payment of benefits, especially where the plaintiff asserted such a claim under § 1132(a)(1)(B) (relying on *Williams v. Metro. Life Ins. Co.*, Civil No. 07-cv-2062-REB-CBS, 2011 WL 97137, at *10–11 (D. Colo. Jan. 11, 2011) (same))); *accord Rogers v. Unitedhealth Grp., Inc.*, 144 F. Supp. 3d 792, 799–800 (D.S.C. 2015) (holding that the plaintiffs could not maintain a breach of fiduciary duty claim based on their allegations

that the defendant injured only the plaintiff by denying coverage). I, therefore, respectfully RECOMMEND that Claim II be DISMISSED to the extent Plaintiff seeks either monetary or equitable relief under §§ 1132(a)(2) and 1109(a) based on United's denial of Ms. Idhe's LTD benefits.

*Second:* United also contends that it did not draft the SPD, as this task is assigned to the Plan's administrator, Generational Equity and, thus, Plaintiff cannot maintain a breach of fiduciary duty claim against United on this separate basis. [#70 at 7]. United further argues, even if it drafted the SPD, doing so was only a ministerial or clerical task that does not render it a fiduciary. [*Id.* at 8]. While this assertion may ultimately prove true,[2] such a factual inquiry is not properly before this court at this juncture. Rather, the FAC alleges that United was responsible for drafting the SPD. *See* [#62 at ¶¶ 66–70 (alleging that the SPD fails to include all required information, and that United created the SPD and intentionally assumed the duty to create the SPD)]. Thus, this court declines to dismiss Claim II based on United's arguments, finding that drafting and disseminating a SPD that does not comply with the statutory requirements may give rise to a cognizable breach of fiduciary duty. *See Jensen v. SIPCO, Inc.*, 867 F. Supp. 1384, 1396 (N.D. Iowa 1993) ("A fiduciary's failure to effectuate proper disclosure of the terms of the plan in the SPD is a breach of fiduciary duty."); *Estate of Becker v. Eastman Kodak Co.*, 120 F.3d 5 (2d Cir. 1997) (holding that Eastman Kodak breached its fiduciary duties

---

[2] *See Knisley v. Advancia Corp. Disability Benefits Plan*, 363 F. Supp. 2d 1194, 1196 (D. Alaska 2005) ("Summary judgment is also appropriate on Plaintiff's SPD action because Defendant is neither the Plan's administrator [] nor the Plan's sponsor, and therefore not a proper party."); *Prouty v. Hartford Life & Acc. Ins. Co.*, 997 F. Supp. 2d 85, 90 (D. Mass. 2014) ("As Defendant Hartford Life [an insurer, not administrator] did not owe a duty to Plaintiff to provide the SPD, neither did it owe any duty to ensure that the document was understandable."); *Klosterman v. W. Gen. Mgmt., Inc.*, 32 F.3d 1119, 1123–24 (7th Cir. 1994) (holding that the defendant's role in supplying certain terms to the SPD for final review by the plan's administrator were "purely clerical and thus insufficient to render it a fiduciary.").

when providing an ambiguous SPD); *Gaines v. Sargent Fletcher, Inc. Grp. Life Ins. Plan*, 329 F. Supp. 1198, 1220–21 (C.D. Cal. 2004) (plan administrator breached fiduciary duties by failing to disclose eligibility requirement in SPD). This conclusion notwithstanding, Claim II, as asserted in the FAC, fails for the reasons addressed below.

***Third:*** Lastly, United argues that Plaintiff fails to state a plausible claim for a breach of fiduciary duty because she fails to adequately allege Plan-wide harm and relief. *See* [#70 at 8–9]. That is, the FAC contains only conclusory allegations of harm caused to the Plan itself, which are insufficient to establish a plausible claim for relief under §§ 1132(a)(2) and 1109(a). [*Id.*]. Based on its review of the specific allegations in the FAC, this court respectfully agrees.

"Under section 1109, a fiduciary who breaches his fiduciary duty is liable to the plan—not to the beneficiaries individually." *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310, 317 (10th Cir. 1991). Accordingly, a plaintiff "states no viable claim for relief under [§§ 1132(a)(2) and 1109(a)] unless [s]he alleges harm to the Plan or ill-gotten profits to the fiduciary as a result of the fiduciary's alleged breach of its duties." *Hart v. Grp. Short Term Disability Plan For Emps. of Cap Gemini Ernst & Young*, 338 F. Supp. 2d 1200, 1201 (D. Colo. 2004). Rather, to prevail on a breach of fiduciary duty claim, Ms. Ihde must show "losses to the plan 'resulting from' the alleged breach of fiduciary duty." *Pioneer Centres Holding Co. Employee Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1337 (10th Cir. 2017).

Here, the FAC contains only conclusory allegations of harm to the Plan. For example, only two paragraphs allege any harm to the Plan, and both merely allege United's "breaches of fiduciary duty caused harm to the Plan itself, as well as to its participants." *See* [#62 at ¶¶ 89, 91]. When pressed on this point at oral argument, Plaintiff contended that the allegations in

10

paragraphs 89 and 91 were sufficient at this stage to establish Plan-wide harm. However, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" mere conclusions are insufficient. *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citations and internal quotation marks omitted).

Plaintiff also averred that the noncompliant SPD constituted Plan-wide harm. But the only allegation concerning the SPD is that the name of the Plan itself was the only information omitted. *See* [#62 at ¶ 67]. And the FAC contains no factual allegation as to how this omission caused harm to the Plan. *Cf. Killian v. Concert Health Plan*, 742 F.3d 651, 659 (7th Cir. 2013) (holding that failure to provide a SPD constituted a breach of fiduciary duty, but that this breach did not harm the plaintiff, "because Mr. Killian knew that he could determine a provider's network status by calling a number on Mrs. Killian's insurance card"). Rather, paragraph 89 of the FAC contains a generic, conclusory allegation that "Defendant United of Omaha's breaches of fiduciary duty caused harm to the Plan itself, as well as to the participants." [#62 at ¶ 89]. Similarly, paragraph 91 alleges, "Defendant United of Omaha's breach of [its] fiduciary duties caused Plaintiff damages and caused harm to all participants as well as the Plan itself." [*Id.* at ¶ 91]. Every factual allegation pertaining to the alleged harm (rather than the identification of the violation) is personal to Plaintiff, i.e., delayed prosecution of *Plaintiff's* benefit claim; the wrongful denial of *Plaintiff's* benefit claim; increased cost of *Plaintiff's* efforts to obtain benefits. [*Id.* at ¶ 90]. Nor is it sufficient at this stage to aver that discovery *may* reveal "an intentional and company-wide scheme to engage in unlawful behavior in processing all of its ERISA"

claims to increase United's profits.³ [#76 at 13]. *See also Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring) (explaining that one of the two vital purposes of pleading factual allegations suggesting actionable conduct is "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim" (citation and internal quotation marks omitted)). The case law is clear that judges are trusted to prevent discovery from becoming "fishing expeditions or an undirected rummaging for evidence of some unknown wrongdoing." *See Cuomo v. The Clearing House Ass'n*, *L.L.C.*, 557 U.S. 519, 531 (2009). And Plaintiff cites no case law, and this court could find none, that supports the proposition that the allegation that the SPD is non-compliant is, standing alone, sufficient to state a cognizable claim of Plan-wide harm.

Ultimately, Ms. Idhe fails to plead any alleged harm to Plan itself and, instead, the primary allegations in the FAC relate to Ms. Idhe's individualized harm. *See Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (noting that §§ 1132(a)(2) and 1109(a) "do[] not provide a remedy for individual beneficiaries); *accord Kenseth v. Dean Health Plan, Inc. ("Kenseth I")*, 610 F.3d 452, 481–82 (7th Cir. 2010) ("Pursuant to section 1132(a)(2), a plan participant or beneficiary (among others) may commence a civil action for appropriate relief under section 1109(a), but she may do so only in a representative capacity on behalf of the plan, not in her own behalf."). Therefore, I respectfully RECOMMEND that Claim II be DISMISSED to the extent it alleges a breach of fiduciary duty claim pursuant to §§ 1132(a)(2) and 1109(a).

---

³ Limited discovery may be appropriate in ERISA matters under exceptional circumstances such as when a conflict of interest exists because the plan administrator also has discretion to deny and/or approve disability claims. *See Erickson v. The Lincoln Nat'l Life Ins. Co.*, No. 111CV00394PABBNB, 2011 WL 13127141, at *1 (D. Colo. Oct. 13, 2011). Here, Plaintiff alleges no such circumstances.

## II. § 1132(a)(3)(B) "Other Appropriate Equitable Relief"

In interpreting "appropriate equitable relief," the Supreme Court has held that this term allows only "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) (emphasis in original); *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209–12 (2002) (elucidating that an injunction to compel specific performance under a contract is not relief typically available in equity, but that restitution may be available in equity). Notably, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has held that restitution of lost wages, exacerbation of the beneficiary's medical condition, and pain and suffering are outside ERISA's "appropriate equitable relief" provision. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1200–01 (10th Cir. 2006); *see also Millsap*, 368 F.3d at 1252–54 (prohibiting the award of back pay under § 1132(a)(3)). And that monetary compensation for harms caused by delay in receipt of benefits is not an available remedy under ERISA. *See Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1234 (10th Cir. 2002); *cf.* [#62 at ¶ 90 & p. 18, ¶ 3 (requesting make-whole damages for United's breach of fiduciary duty)].

United raises two overlapping arguments for dismissal of Claim II to the extent it seeks "other appropriate equitable relief" under § 1132(a)(3). First, United argues that § 1132(a)(3)(B) applies only when a plaintiff has no other available recourse under § 1132. [#70 at 10; #77 at 8]. According to United, because Plaintiff has a viable claim under § 1132(a)(1)(B) for the denial of her LTD benefits (Claim I), relief under § 1132(a)(3) is inappropriate. [#70 at 10; #77 at 8]. Second, United asserts that Plaintiff cannot recover compensatory damages under the auspices of "equitable relief" pursuant to § 1132(a)(3). [#70 at 10–11; #77 at 7].

13

Plaintiff counters that nothing prohibits her from maintaining a claim under §§ 1132(a)(1)(B) and (a)(3) simultaneously so long as she does not seek double-recovery of her LTD benefits. [#76 at 7–9, 14]. Rather, she can assert Claim II under § 1132(a)(3), seeking monetary and equitable relief, in the alternative should she not prevail on Claim I under § 1132(a)(1)(B). [*Id.* at 7–9]. Plaintiff argues that this is consistent with the Supreme Court's holding in *Cigna Corporation v. Amara*, 563 U.S. 421 (2011), which allowed reformation of the ERISA plan's terms that in turn lead to an award of benefits under § 1132(a)(1)(B) based on the new terms of the plan. [*Id.* at 8–9]. This court considers these arguments in turn.

To start, several cases support United's argument that Ms. Idhe cannot maintain a claim under § 1132(a)(3) when she has a viable claim under § 1132(a)(1)(B). In *Lefler v. United Healthcare of Utah, Incorporated*, the Tenth Circuit considered a class of plaintiffs' claims under §§ 1132(a)(1)(B) and (a)(3). 72 F. App'x 818 (10th Cir. 2003). The class-plaintiffs not only alleged that the defendant had unlawfully withheld benefits, but also breached its fiduciary duties by failing to inform the class-plaintiffs of certain policies and "improperly denying, de facto, benefits under the plan." *Id.* at 824–26. The Tenth Circuit held, "consideration of a claim under [§] 1132(a)(3) is improper when the [class-plaintiffs], as here, states a cognizable claim under [] § 1132(a)(1)(B), a provision which provides adequate relief for alleged class injury." *Id.* at 826. This was because "where Congress elsewhere provided adequate relief . . . there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* (quoting *Varity*, 516 U.S. at 515).

In *Powers v. BlueCross Blue Shield of Illinois*, a court in this District followed *Lefler's* reasoning and dismissed (on a Rule 12(b)(6) motion) the plaintiffs' claim under § 1132(a)(3), because the plaintiffs adequately pled a claim for denied benefits under § 1132(a)(1)(B). 947 F.

14

Supp. 2d 1139, 1143 (D. Colo. 2013). The court explained, "although brought under the theory of breach of fiduciary duty, what the plaintiffs are alleging is that benefits owed to Ms. Powers were wrongfully denied." *Id. See also Holbrooks v. Sun Life Assurance Co. of Canada*, No. 11-1383-JTM, 2012 WL 2449850, at *2 (D. Kan. Jun. 26, 2012) ("Because Count 2 presents a cognizable claim under § [1132](a)(1)(B) and the plaintiff's claims in Count 1 and 3 represent the sort of repackaging disfavored in *Lefler*, dismissal of the additional claims is appropriate.").

Relatedly, in *Rochow v. Life Insurance Company of North America*, the Sixth Circuit held that a plaintiff may not recover unlawfully withheld benefits under § 1132(a)(1)(B) in addition to disgorgement of profits under § 1132(a)(3) resulting from the defendant's alleged breach of fiduciary duty in denying the plaintiff's benefits. 780 F.3d 364, 370–71 (6th Cir. 2015). The Sixth Circuit stated, for a plaintiff to recover under § 1132(a)(1)(B) and § 1132(a)(3), she must suffer an "*injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate." *Id.* at 372 (emphasis in original). This, the Sixth Circuit explained, was consistent with the Supreme Court's decisions in *Varity* and *Cigna*, as the plaintiff had identified only one injury—the denial of benefits—and, thus, "other appropriate equitable relief" was not required to make the plaintiff whole when he already received the withheld benefits under § 1132(a)(1)(B). *Id.* at 374–75.

Here, the core of Ms. Idhe's allegations under Claim II relates to the denial of her LTD benefits. *See, e.g.*, [#62 at ¶¶ 58, 59, 60, 61, 63]. And she has adequately pled a claim for the wrongful withholding of those benefits under Claim I, a claim not challenged at this stage by United. While Plaintiff also alleges that United breached its fiduciary duties by omitting the Plan's name from the SPD, the FAC is devoid of any allegation of the harm Plaintiff suffered because of this omission. *See Killian*, 742 F.3d at 659 (dismissing the plaintiff's breach of

15

fiduciary duty claim where he failed to prove any harm from the defendant's failure to provide a SPD); *Holdeman v. Devine*, 572 F.3d 1190, 1193 (10th Cir. 2009) (noting that to prevail on a breach of fiduciary duty claim, a plaintiff must show "some causal link between the alleged breach and the loss [she] seeks to recover." (citation, ellipses, and internal quotation marks omitted)). Indeed, there are no allegations that Ms. Idhe suffered an injury separate and distinct from her denial of benefits. *See* [#62 at ¶ 90 (alleging United's breach of fiduciary duties resulted in "delayed prosecution of Plaintiff's benefit claim; the wrongful denial [of] Plaintiff['s] benefit claim; [and] increased cost of Plaintiff's efforts to obtain benefits.")]. Thus, further equitable relief, whether monetary or injunctive, would not be appropriate. *Lefler*, 72 F. App'x at 826.

Plaintiff, however, contends that nothing precludes her from pleading her claim for equitable relief under § 1132(a)(3) as an alternative theory of recovery should Claim I under § 1132(a)(1)(B) prove unsuccessful. [#76 at 8–9]. Though this may be correct in theory, Plaintiff's reliance on *Moyle v. Liberty Mutual Retirement Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016) is misplaced. In *Moyle*, the plaintiffs sought wrongfully withheld benefits under § 1132(a)(1)(B), as well as equitable relief under § 1132(a)(3) in the form of surcharge (i.e., unjust enrichment) and reformation of the Plan due to the defendant's "material lack of disclosure about the terms of a pension plan." *Id.* at 952, 960. Here, the FAC contains no allegation of a "material lack of disclosure about the terms" of the Plan, nor does Ms. Idhe seek reformation of the Plan or a surcharge based on false or misleading information. *See Cigna*, 563 U.S. at 439 (deeming reformation of an ERISA plan equitable relief, as well as monetary relief on the basis of estoppel and unjust enrichment principles). Additionally, the theories of recovery in *Moyle* were distinct, i.e., the defendant unreasonably denied us benefits under the plan or,

alternatively, the defendant withheld material information regarding the terms of the plan in breach of its fiduciary duty. *Cf. Fulghum v. Embarq Corp.*, No. CIV. A. 07-2602-KHV, 2008 WL 5109781, at *10 n.15 (D. Kan. Dec. 2, 2008) (permitting claims under §§ 1132(a)(1)(B) and (a)(3) where the plaintiffs alleged they had a vested right in their benefits that were denied under § 1132(a)(1)(B) or, alternatively, they were entitled to equitable relief under § 1132(a)(3) for the defendants' misrepresentations that they had a vested right in their benefits).

As explained, Ms. Idhe's theory of recovery under Claim II largely concerns the improper denial of her LTD benefits. This court agrees with United that Plaintiff cannot "re-package" her claim for LTD benefits under the guise of a breach of fiduciary duty claim, even in the alternative. *See Rochow*, 780 F.3d at 374–75 ("[T]he Supreme Court has never stated that recovery under both § [1132](a)(3) and § [1132](a)(1)(B) may be warranted for a single injury."). Thus, there is no alternative basis to recover those withheld benefits, and this court respectfully RECOMMENDS that Claim II be DISMISSED to the extent it alleges a breach of fiduciary duty claim under § 1132(a)(3).[4] *See Sliwinski v. Aetna Life Ins. Co.*, No. 17-CV-01528-RM-MEH, 2017 WL 4616599, at *6 (D. Colo. Oct. 16, 2017) ("Sliwinski's complaint makes clear that the only damages she has incurred are a result of the alleged wrongful denial of benefits. If that wrongful denial claim fails, she has no alternative grounds for recovery.").

## CONCLUSION

For the reasons stated herein, I respectfully **RECOMMEND** that:

(1)  United's Motion to Dismiss [#70] be **GRANTED**; and

---

[4] In reaching this determination, this court does not conclude that a plaintiff can never assert a claim under §§ 1132(a)(1)(B) and (a)(3) simultaneously or even in the alternative; here, however, the FAC is factually devoid of any injury distinct from the denial of Plaintiff's LTD benefits such that Plaintiff would be entitled some other equitable relief either in addition to her withheld LTD benefits or in the alternative.

(2)  Claim II be **DISMISSED**.[5]

DATED: November 14, 2017          BY THE COURT:

                                  s/ Nina Y. Wang
                                  Nina Y. Wang
                                  United States Magistrate Judge

---

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).